**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 96-4708

RANDY ANTHONY WEAVER,
Defendant-Appellant.

Appeal from the United States District Court for the
District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-96)

Submitted: November 18, 1997

Decided: December 24, 1997

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
William C. Lucius, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy A. Weaver appeals from his criminal conviction for threatening the life of the President in violation of 18 U.S.C. § 871 (1994). We affirm.

Weaver raises several claims of error in his conviction. First, he claims that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29 for insufficient evidence of a present intent to injure the President. As this Court explained in United States v. Patillo, 438 F.2d 13, 16 (4th Cir. 1971), the statute is violated where a defendant intends, through his threats, to restrict the President's movements. Such an intent may be inferred by nature and publication of the threat, "i.e., whether the person making the threat might reasonably anticipate that it would be transmitted to law enforcement officers and others charged with the security of the President." Id. Our review of the evidence leads us to conclude that there was sufficient evidence of such intent and anticipation and we therefore find no error in the district court's denial of Weaver's motion.

Weaver next asserts that the district court erred in denying his Rule 29 motion for acquittal on the basis that the Government failed to prove that Weaver actually deposited the threatening letter in the mail for conveyance. We note that neither the statute itself nor interpreting case law requires proof of mailing absent a charge of an intent to violate the statute through the use of the mails. Although Weaver's threat did take the form of a letter, he was not charged with use or intended use of the mail, and Weaver's own evidence demonstrated that he intended for the threat to reach those charged with the safety of the President through word of mouth. Accordingly, we find no error in the district court's denial of this motion.*

Weaver next argues that the district court erred in refusing to instruct the jury that to constitute a violation of § 871 the threat must

_____

*Given this determination, we also find that the district court did not err in refusing to instruct the jury that use of the mail was a required element of the offense.

2

be a "serious threat." Our review of the jury instructions leads us to believe that this message was clearly conveyed and we therefore find no error in the district court's refusal to reinstruct the jury. Finally, Weaver asserts that the district court erred in failing to instruct the jury that it could consider his motives, the manner in which the threat was made, and the reaction of those who heard the threat in reaching its verdict. Because Weaver did not request this instruction at trial, review is for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). We find that the district court's failure to include this language was not plainly erroneous in part because the jury was instructed that it must find that Weaver intended the threat and that it was not mere talk or jest, and in part because, although the language originates from this Court's opinion in Patillo , there is no statement that such an instruction is mandatory, merely that the jury may consider such issues in its deliberations.

In light of the above determinations, we affirm Weaver's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3